Edwards, Gh. J.
now delivered the Opinion of the court*
The first, second, and fifth assignment of errors in the writ of error coram nobis* were properly disregarded by the court below, because the party did not attempt tb avail himself of them in proper time* as disected by the act of assembly, passed in 1802 (b).
lne third assignment states that an execution issued subsequent to the venditioni exponas, before it had beeti quashed or set aside. But it surely cannot be laid dowii as a general rule, that a venditioni exponas must be quashed or set aside, before any execution can issue on the judgment. As this assignment only states a general proposition, without making out a particular case, the general rule being against it, the court very properly: overruled it.
The fourth assignment Of error is so vague and general, that no definite idea can be drawn from it. It makes out no particular case or point to which the defendant could answer, and was, therefore, properly disregarded. These being all the errors assigned in the writ of error coram vobis, this court is of opinion there *154 j3 no error in the judgment of the court below* upon the
As to the second and third assignments of error in this court, it will be sufficient to observe that the matter thereof could only be properly assigned in the court below, on the writ of error coram vobis ; and that not having been done, no notice can be taken of them in this court.
It is also assigned as an error, that the defendant, in the writ of error coram vobis, demurred, when he ought to have plead, no errors There is no substantial difference, in reason, between a demurrer and the plea of “ in mllo est erratum.” Both admit the facts alleged, and put only the law of the Case in issue. Besides, by the law and practice of this country, no plea was necessary, unless some error in matter of fact, had been alleged, Upon which the defendant could have made up an issue of fact, if he had been disposed to do so. No suclv error having been assigned in this case, the demurrer must be considered as surplusage, and cannot vitiate.
It is also assigned for error,\that the court below gave ten per cent, damages on the amount of the replevy bond. On this point, the case of Ambrose vs. Weller, has been cited. This court, upon a mature considerá-tj0n of the act of 1802 (a), relating to writs of error coram vobis, are of opinion, that the ten per cent, damages, is given irt such cases, not only by the true spirit and meaning, but also by the letter of the act, wherever the replevy bond has by law the force of a judgment; for the reversal of which judgment on replevy bond, the writ of error, with supersedeas, is sued out.
Judgment affirmed.*

,**_.. . ^)S) p. *74,

is Ch, 72, I^2"

 Sefc another bránch of this caufe> f>oJU